UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GEMINI OF WESTMONT, INC. d/b/a SON'S AUTO SUPPLY, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHAMPION LABORATORIES, INC., PUROLATOR FILTERS N.A. L.L.C., HONEYWELL INTERNATIONAL INC., WIX FILTRATION PRODUCTS, CUMMINS FILTRATION INC., THE DONALDSON COMPANY, BALDWIN FILTERS INC., BOSCH U.S.A., MANN + HUMMEL U.S.A., INC., ARVINMERITOR, INC. and UNITED COMPONENTS, INC.<br><br>Defendants. | Case No. 3:08-CV-722<br><br>June 4, 2008 |

**MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF GEMINI OF WESTMONT, INC.
d/b/a SON'S AUTO SUPPLY MOTION TO TRANSFER**

Plaintiff Gemini of Westmont, Inc. d/b/a Son's Auto Supply ("Gemini") moves this Court for transfer of the above-entitled action to the Honorable Janet Bond Arterton, pursuant to 28 U.S.C. § 1404(b).

**I.    PROCEDURAL BACKGROUND**

On March 31, 2008, S&E Quick Lube Distribs., Inc. ("S&E Quick Lube") filed in this District the first vehicle filters direct purchaser antitrust Class Action Complaint in the country against Champion Laboratories, Inc., Purolator Filters N.A. L.L.C., Honeywell International Inc., Wix Filtration Products, Cummins Filtration Inc., The Donaldson Company, Baldwin Filters, Inc., Bosch U.S.A., Mann + Hummel U.S.A., Inc., ArvinMeritor, Inc., United Components, Inc.,

and The Carlyle Group (collectively, "Defendants").[1] On April 10, 2008, Barjan, LLC ("Barjan") filed a related action in this District against Defendants. Both cases were assigned to Judge Arterton. On April 22, 2008, the Honorable Mark R. Kravitz transferred another related case, T.D.S Company, Inc. d/b/a TWI Auto Parts & Supplies (3:08-cv-00512), to Judge Arterton.

On May 12, 2008, this Action was filed in this District and assigned to Judge Kravitz. During this same time period, several other related class actions were filed in this District, the Northern and Southern Districts of Illinois, the District of New Jersey, and the Eastern District of Tennessee against Defendants.

## II.    ARGUMENT

All plaintiffs in the above-referenced class actions (together "Related Actions"), including plaintiff in the instant Action, assert that Defendants violated Section 1 of the Sherman Act, 15 U.S.C. § 1. Based upon virtually identical allegations, all plaintiffs seek damages and injunctive relief on behalf of themselves and a proposed plaintiff class. For the reasons set forth herein, this related Action should be transferred to Judge Arterton.

### A.    Transfer

Under 28 U.S.C. § 1404(b), a court may, upon motion and at its discretion, make a "intradistrict" transfer of any action. Illinois Brick Co. v. Illinois, 431 U.S. 720, 762-63 (1977) (recognizing "the intradistrict transfer power created by 28 U.S.C. § 1404(b)").

Here, transfer is appropriate because this Action involves questions of fact and law that are identical to those at issue in the Related Actions, and the named-defendants in all the actions are identical as well. Plaintiff has moved to transfer this Action to Judge Arterton because that Court has the first-filed action, as well as two other related actions (including the one transferred by Judge Kravitz), pending before it. No other judge in this District has been assigned more than

---

[1] Defendant The Carlyle Group was voluntarily dismissed, without prejudice, on April 11, 2008, from S&E Quick Lube's Complaint and all other related complaints pending in this District in which it was named as a defendant.

one of the related actions. If the Court grants the instant motion, this Action will likely be consolidated with the Related Actions pursuant to a motion for consolidation before Judge Arterton. Transferring this Action to Judge Arterton and consolidating it with the Related Actions will preserve judicial resources and avoid duplicative discovery and pretrial proceedings.

## IV.   CONCLUSION

For the reasons set forth herein, and in order to provide for the orderly and efficient conduct of the Related Actions, Plaintiff respectfully requests that the Court transfer this action to Judge Arterton.

Respectfully submitted,

/s/ David R. Schaefer
David R. Schaefer (Bar No. 04334)
**BRENNER, SALTZMAN & WALLMAN, LLP**
271 Whitney Avenue
New Haven, CT 06507-1746
Telephone: (203) 772-2600
Facsimile: (203) 562-2098
Email: dschaefer@bswlaw.com

**BOLOGNESE & ASSOCIATES, LLC**
Anthony J. Bolognese
Joshua H. Grabar
1500 JFK Blvd., Suite 320
Philadelphia, PA 19102
Tel: (215) 814-6750
Fax: (215) 814-6764

**EDELSON & ASSOCIATES**
Marc H. Edelson
45 West Court Street
Doylestown, PA 18901
Tel: (215) 230-8043
Fax: (215) 230-8735

*Counsel for Plaintiff Gemini of Westmont, Inc.
d/b/a Son's Auto Supply, and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2008, a copy of the foregoing Memorandum of Law in Support of Plaintiff Gemini of Westmont, Inc. d/b/a Son's Auto Supply Motion to Transfer was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

                                                                        */s/ David R. Schaefer*
                                                                         David R. Schaefer (ct 04334)